DEAN VENABLE *et al. vs.* D. COFFMAN, SEN., *et al.*

January Term, 1867.

1. Where the circuit court takes action under the †9th sec. of chap. 77, Code of Virginia 1860, either party may appeal; the judgment of the court being in its nature final and conclusive, and can only be reviewed by an appellate tribunal.

2. A judgment under this section is rendered in a "civil case," within the meaning of the 2nd section of chapter 182 of Code 1860.

3. It is likewise a controversy concerning the title to land, and this court has appellate jurisdiction in all such cases by the 8th section of article 6th of the constitution of *West Virginia.*

The preliminary motion made in this cause, is reported now in consequence of there being several causes pending in the circuits throughout the State, of a similar character.

The points made in the motion are stated by the judge deciding it.

*Lamb* and *Paull,* for plaintiffs in error.

*Stanton* and *Allison,* for defendants in error.

MAXWELL, J., delivered the opinion of the court.

By the final order and judgment of the circuit court of

---

*See page 1.

†"The circuit court of the county or corporation wherein there may be any parcel of such land or the greater part thereof, may on application of the proper authorities of such congregation, from time to time, appoint trustees either where there were or are none, or in place of former trustees, and change those so appointed, whenever it may seem to the court proper, to effect or promote the purpose of the conveyance, devise or dedication; and the legal title to such land shall for that purpose be vested in the said trustees for the time being and their successors."

Greenbrier county, made on the 15th day of September, 1866, Dean Venable, George Law, Henry Stuart, Patrick Birne, and David R. Spotts, were removed as trustees of the church property of the Methodist Episcopal church in the town of Lewisburg, said property consisting of two lots of ground with a house thereon, and D. Coffman, Senior, D. C. Coffman, Junior, Albert G. Williams, Archibald Lewis, and John Fry appointed in their places.

The parties so removed have obtained a supersedeas to the said final order and judgment and brought the same into this court to be reviewed.

The defendants in error make their motion here to dismiss the supersedeas on the ground that this court has no jurisdiction to review the judgment or order complained of, because, they say it was not made in any cause, and is not conclusive of the matters in dispute between the parties.

The order or judgment complained of was made under the 9th sec. of chap. 77 of the Code of Virginia 1860, p. 412, on motion, and divested the plaintiffs in error of the legal title to the property and vested the same in the persons appointed in their places, for the purposes of the trust, and must be as conclusive of the title to the property as long as it remains in force, as the judgment of the same court would be in any other matter. It is no more subject to be reviewed in a court of chancery than any other judgment at law would be. It can only be reviewed in an appellate court.

The judgment was rendered in a civil case within the meaning of the 2nd sec. of chap. 182, Code of Virginia 1860, p. 745, is final, the appellants were parties to the case and under this section have a right to their supersedeas.

It was a controversy concerning the title to land, and by the 8th section of the 6th article of the constitution of this State, this court has appellate jurisdiction in all such cases.

The motion is overruled.

MOTION OVERRULED.